Filed 12/29/20  P. v. Johnson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMAINE JOHNSON,<br><br>Defendant and Appellant. | B299923<br><br>(Los Angeles County<br>Super. Ct. No. BA471346) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Jamaine Johnson, in pro. per.; and Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On the evening of September 4, 2018, Johnson and Crystal M., his girlfriend and the mother of his child, drank several alcoholic beverages and visited a nightclub. After dancing for a few minutes, Johnson excused himself to visit the restroom, where he ingested unknown drugs. When he returned, "he was a different person"; he was sweating and slurring his words, and his pupils were dilated. Johnson and Crystal M. left the club and engaged in a heated argument in their car, during which Johnson beat and choked Crystal, and eventually produced a six-inch kitchen knife with which he stabbed and cut her several times, causing severe injuries.

Johnson was convicted of attempted murder, domestic violence, making criminal threats, and mayhem, and was sentenced to 29 years in prison.

He appeals.

We appointed counsel to represent Johnson on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On October 9, 2020, we sent letters to Johnson and appointed counsel, directing counsel to forward the appellate record to Johnson and advising him that within 30 days he could personally submit any contentions or issues that he wished us to consider.

Johnson filed a letter brief, in which he contends the evidence of his drug use and altered personality before commission of the offenses against Crystal M. obligated the trial court to determine his competency to stand trial pursuant to Penal Code section 1368.1, and to order pretrial diversion for mental health treatment pursuant to Penal Code section 1001.36.

Johnson argues that because no determination of his competence to stand trial was made, his conviction violated due process.

We disagree. Penal Code section 1001.36 permits a court to postpone trial when the "defendant suffers from a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia." (Pen. Code, § 1001.36, subd. (b)(1)(A).) But nothing in the record suggests Johnson suffers from any of these disorders.

Although the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-V) recognizes substance use disorders (see *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1219), nothing in the record suggests that Johnson has been diagnosed with a substance use disorder or could produce such a diagnosis from a qualifying mental health expert.

We have otherwise examined the entire record and find no arguable issue exists, and are therefore satisfied Johnson's attorney complied with her responsibilities. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED

                                          CHANEY, J.

We concur:


ROTHSCHILD, P. J.


FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4